1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

10
11

ALLEN KEITH CRENSHAW,                     )     Case No. CV 15-7704-DSF (JEM)
                                          )
              Petitioner,                 )
                                          )
12        v.                              )     **ORDER SUMMARILY DISMISSING**
                                          )     **PETITION FOR LACK OF JURISDICTION**
13                                        )     **AND DENYING A CERTIFICATE OF**
     RONALD RACKLEY, Warden,              )     **APPEALABILITY**
14                                        )
              Respondent.                 )
15   _____ )

16
17
       On October 1, 2015, Allen Keith Crenshaw ("Petitioner") filed a document titled "Notice
18
of Motion and Martinez Motion for Review in the First Instance," which the Court construes as
19
a petition for writ of habeas corpus by a person in state custody ("Petition"), pursuant to 28
20
U.S.C. § 2254.  Petitioner challenges his 1999 conviction in San Bernardino County Superior
21
Court Case No. FSB20129.  (See Petition at 15-16 and Exhibits to Memorandum of Points and
22
Authorities in Support of Martinez Motion.)[1]

23
                        **PROCEDURAL BACKGROUND**
24
       Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in
25
Petitioner's prior federal habeas corpus action in this Court, Allen Keith Crenshaw v. Timothy
26
E. Busby, Case No. EDCV 10-1672-GAF (JEM) ("Crenshaw I").  See United States v. Wilson,
27
631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own

28
_____
       [1]  Petitioner's Request for Judicial Notice is granted.

1    records in other cases, as well as the records of an inferior court in other cases.") (citations

2    omitted); <u>accord</u> <u>United States v. Howard</u>, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

3          On October 29, 2010, in <u>Crenshaw I</u>, Petitioner filed a petition for a writ of habeas

4    corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenged his 1999 conviction in San

5    Bernardino County Superior Court Case No. FSB20129.  (<u>Crenshaw I</u>, Dkt. No. 1.)  On

6    February 23, 2011, the Magistrate Judge issued a Report and Recommendation,

7    recommending that <u>Crenshaw I</u> be dismissed with prejudice as untimely.  (<u>Id.</u>, Dkt. No. 13.)

8    On May 5, 2011, the Court issued an Order Adopting Findings, Conclusions, and

9    Recommendations of United States Magistrate Judge, an Order Denying Certificate of

10    Appealability, and a Judgment dismissing the action with prejudice.  (<u>Id.</u>, Dkt. Nos. 17-19.)  On

11    June 8, 2011, Petitioner filed a Notice of Appeal.  (<u>Id.</u>, Dkt. No. 20.)  On August 27, 2012, the

12    Ninth Circuit denied Petitioner's request for a certificate of appealability.  (<u>Id.</u>, Dkt. No. 23.)

13          On October 1, 2015, Petitioner filed the instant Petition, in which he challenges the

14    same 1999 conviction at issue in <u>Crenshaw I</u>.

**DISCUSSION**

16          The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in

17    pertinent part:

18          (b)(1) A claim presented in a second or successive habeas corpus

19          application under section 2254 that was presented in a prior application

20          shall be dismissed.

21          (2) A claim presented in a second or successive habeas corpus

22          application under section 2254 that was not presented in a prior

23          application shall be dismissed unless –

24          (A) the applicant shows that the claim relies on a new rule of

25          constitutional law, made retroactive to cases on collateral review by

26          the Supreme Court, that was previously unavailable; or

27          (B)(i) the factual predicate for the claim could not have been

28          discovered previously through the exercise of due diligence; and [¶]

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.  "[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and [] a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals.  Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

The instant Petition is a second or successive petition challenging the same conviction imposed by the same judgment of the state court at issue in Crenshaw I, which was adjudicated on the merits.  See McNabb, 576 F.3d at 1029.  There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition.  This Court, therefore, lacks jurisdiction over the Petition under 28 U.S.C. § 2244(b)(3).  See Burton, 549 U.S. at 152.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it

3

1   that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss

2   the petition.  Here, summary dismissal is warranted.

3         Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a

4   new action if and when he obtains permission from the Ninth Circuit to file a successive

5   petition.[2]

6                          **CERTIFICATE OF APPEALABILITY**

7         Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a

8   habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district

9   judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant

10  has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2);

11  accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996).  "A petitioner satisfies this

12  standard by demonstrating that jurists of reason could disagree with the district court's

13  resolution of his constitutional claims or that jurists could conclude the issues presented are

14  adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322,

15  327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

16        When a district court dismisses a petition on procedural grounds, the reviewing court

17  should apply a two-step analysis, and a COA should issue if the petitioner can show both:  (1)

18  "that jurists of reason would find it debatable whether the district court was correct in its

19  procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition

20  states a valid claim of the denial of a constitutional right[.]"  Slack, 529 U.S. at 478.

21        The Court is dismissing the Petition without prejudice because it is a second or

22  successive petition.  Since the Petition is clearly a second or successive petition, Petitioner

23  cannot make the requisite showing "that jurists of reason would find it debatable whether the

24  district court was correct in its procedural ruling."  Slack, 529 U.S. at 478.

25

26  _____

27        [2]  If Petitioner obtains permission to file a second petition, he should file a new petition for writ
    of habeas corpus.  He should not file an amended petition in this action or use the case number

28  from this action because the instant action is being closed today.  When Petitioner files a new
    petition, the Court will give the petition a new case number.

                                        4

## <u>ORDER</u>

Based on the foregoing, IT IS ORDERED THAT:

1.  The Petition is **dismissed without prejudice** for lack of jurisdiction;

2.  A certificate of appealability is **denied**.

DATED: 10/161/15

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE